UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER LANAE MALBROUGH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEBRA BIBBY,<br><br>　　　　Defendant. | No.  2:22–cv–840–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST; FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 1, 2, 3) |

　　　　Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

　　　　However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Analysis**

Here, as best the court can tell, plaintiff's complaint alleges that defendant (plaintiff's landlord) has or is attempting to unlawfully evict her. It appears that plaintiff alleges a claim rooted in her lease agreement, and seeks $98,000 in damages, among other relief. The complaint alleges diversity jurisdiction, though it states that both plaintiff and defendant are citizens of California. (See ECF No. 1.)

Federal district courts have "diversity" jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). This provision requires complete diversity of citizenship between the parties. Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007). "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). For purposes of determining diversity of citizenship, an individual person is deemed to be a citizen of the state in which he or she is "domiciled." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).

Given the complaint's allegations that both plaintiff and defendant are citizens of California, the court finds diversity jurisdiction lacking. For this reason, the court recommends dismissal of plaintiff's claims. This dismissal does not speak to the merits of plaintiff's claims, and so nothing in these findings and recommendations bar plaintiff from raising her claim in California Superior Court.[3]

---

[3] The court also notes that buried in plaintiff's filing is a conflicting reference to her not being a U.S. Citizen based on her "Religious Instructions and Beliefs, the Common Law jurisdiction of California, the Treaty of Marrakesh, the Treaty of Peace and Friendship, and the Constitution of the United States of America." She also declares she is "a Moor Free Inhabitant." (ECF No. 1 at 25.) Plaintiff's Moorish citizenship argument is a frivolous attempt to establish diversity jurisdiction where none exits, and the ploy is not new. See Neitzke, 490 U.S. at 325; see also, e.g., Bey v. Municipal Court, 2012 WL 714575 (D.N.J. Mar. 5, 2012) ("Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous."); Bey v. White, 2017 WL 934728, at *3 (D.S.C. Feb. 14, 2017) ("If Plaintiff is attempting to assert that he is not subject to law or is personally immune from prosecution by virtue of his self-proclaimed membership in the Moorish Nation, such claims fail to state a plausible claim for relief, and in fact, are patently frivolous.").

Ordinarily, the court liberally grants a pro se plaintiff leave to amend. Lopez, 203 F.3d at 1130-31. However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

## ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED. Further, it is RECOMMENDED that:

1. The action be DISMISSED for lack of subject matter jurisdiction;
2. Plaintiff's motion for entry of default (ECF No. 3) be DENIED as moot and as premature; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 9, 2022

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

malb.840